1  Irene Karbelashvili, State Bar Number 232223
   Law Office of Irene Karbelashvili
2  12 South First Street, Suite 413
   San Jose, CA 95113
3  Telephone: (408) 295-0137
   Fax: (408) 295-0142
4

5  Kenneth J. Pinto, State Bar Number 221422
   Law Office of Kenneth J. Pinto
6  12 South First Street, Suite 713
   San Jose, CA 95113
7  Telephone: (408) 289-1765
   Fax: (408) 289-1754
8

9  Attorneys for RICHARD JOHNSON, Plaintiff

10

11                  **UNITED STATES DISTRICT COURT**

12                 **NORTHERN DISTRICT OF CALIFORNIA**

13

14  RICHARD JOHNSON,                    )   Case No.
                        Plaintiff,      )
15                                      )   ***Civil Rights***
                                        )
16  vs.                                 )
                                        )   **COMPLAINT FOR**
17  ROBERT D. FALLON, an individual;    )   **PRELIMINARY AND**
    STREET LIGHT RECORDS, LTD., a       )   **PERMANENT INJUNCTIVE**
18  California corporation, d/b/a STREET )   **RELIEF AND DAMAGES:**
    LIGHT RECORDS; and DOES 1 through   )   **DENIAL OF CIVIL RIGHTS AND**
19  20, inclusive,                      )   **ACCESS TO PUBLIC**
                        Defendants.     )   **FACILITIES TO PHYSICALLY**
20                                      )   **DISABLED PERSONS, PER**
                                        )   **FEDERAL AND CALIFORNIA**
21                      .               )   **STATUTES (INCLUDING CIVIL**
                                        )   **CODE §§ 51, 52, 54, 54.1, 54.3,**
22                                      )   **AND § 55; AND HEALTH &**
                                        )   **SAFETY CODE §§ 19955 ET**
23                                      )   **SEQ.); INJUNCTIVE RELIEF**
                                        )   **PER TITLE III, AMERICANS**
24                                      )   **WITH DISABILITIES ACT OF**
                                        )   **1990**
25                                      )
                                        )
26                                      )
                                        )
27  ─────────────────────────────────────

28  Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to
    Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51,
    52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans
    with Disabilities Act of 1990
    Page 1 of 14

**DEMAND FOR JURY TRIAL**

## I. SUMMARY

1. This is a civil rights action by Plaintiff Richard Johnson ("Johnson") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complexes known as Street Light Records and located at or around 980 South Bascom Avenue, San Jose, California 95128.

2. Pursuant to the Americans with Disabilities Act of 1990, (42 U.S.C. §§ 12101 *et seq.*), and related California statutes, Johnson seeks damages, injunctive and declaratory relief, and attorney fees and costs, against Robert D. Fallon, an individual; Street Light Records, Ltd., a California corporation, d/b/a Street Light Records; DOES 1 through 20, inclusive.

3. The true names and capacities of Defendants DOES 1 through 20, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

4. Plaintiff is informed and believes that each of the Defendants, DOES 1through 20 inclusive  is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 2 of 14

proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

## II. JURISDICTION

5. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

6. Supplemental jurisdiction for claims brought under parallel California law, arising from the same nucleus of operative facts, is predicated on 28 U.S.C. §1367.

7. Johnson's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

8. All actions complained of herein take place within the jurisdiction of the United States District Court, Northern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV. PARTIES

9. Robert D. Fallon, an individual; Street Light Records, Ltd., a California corporation, d/b/a Street Light Records; DOES 1 through 20, inclusive (hereinafter alternatively collectively referred to as "Defendants") own, operate, manage, and/or lease the store (hereinafter "the Store"), located at or about 980 South Bascom Avenue, San Jose, California, 95128.

10. The true names and capacities of Defendants DOES 1 through 20, inclusive, are

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

1   unknown to Johnson who therefore sues said Defendants by such fictitious names. Johnson is

2   informed and believes that each of the Defendants herein designated as a DOE is legally

3   responsible in some manner for the events and happenings herein referred to and caused injury

4   and damages proximately thereby to plaintiff; plaintiff prays leave of Court to amend this

5

6   Complaint to show such true names and capacities when the same have been ascertained.

7       11. Johnson is a qualified physically disabled person with a physical "disability" as

8   defined by Department of Justice regulation 28 C.F.R. § 36.104 and California Government

9   Code § 12926. Johnson was in a motorcycle accident, which left him paralyzed from the waist

10

11  down. He requires the use of a wheelchair for mobility. Johnson possesses a DMV issued

12  disabled parking placard and is entitled to park in disabled accessible parking spaces, including

13  van accessible parking spaces, and to travel on and along public paths of travel between such

14  parking facilities and areas to which the general public is invited. He is also entitled to fully

15  accessible facilities with the public areas of the Store. Johnson is, and at all times relevant

16

17  hereto was, a resident of California.

18

19                                    V. FACTS

20      12. The Store with all its facilities is a sales or retail establishment as defined under

21  Title III of the ADA, 42 U.S.C. § 121817(E), and California civil rights laws. Cal. Civ. Code §

22  § 51 *et seq.,* and Health & Safety Code § 19955 *et seq.* The Store is open to the public, is

23

24  intended for nonresidential use and its operation affects commerce.

25      13. At all times mentioned herein, Johnson has been a qualified disabled person due to

26  paraplegia. His disabilities require him to use a wheelchair for mobility.  Johnson visited the

27

28

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to
Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51,
52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans
with Disabilities Act of 1990
Page 4 of 14

Store on many occasions and encountered barriers (both physical and intangible) that interfered with, if not outright denied, his ability to use and enjoy the goods, services, privileges, and accommodations offered. For instance, when Johnson visited the Store on August 30, 2013, he was wondering why there was only one parking space designated for the disabled while there were so many regular parking spaces. He noticed that the access aisle was to the left of his van where is it supposed to be to the right. When he returned, another car was parked to the right of his van and blocked the access to his car. After Johnson dismounted from his van he maneuvered over a yellow striped area and up the ramp in order to reach the entrance of the Store. The entrance has its own surprises. For example, the door itself does not have enough clear space at its bottom to push it with a wheelchair. Also, each time when Johnson opens the door by pushing it with his wheelchair he worries that the glass panel may shatter and injure him. Furthermore, the threshold is so high that on a few occasions Johnson almost flipped backwards while trying to push his wheelchair up to climb over the threshold. While inside the Store, Johnson finds it difficult to maneuver around because of the steel counters protruding into the isles and he has to be extra vigilant to avoid smacking his head. A lot of displays are located too high and beyond his reach. Each time that Johnson wants to reach a desirable item, he needs to ask a fellow patron for assistance. The cashier counter is so high that it prevents Johnson from completing his transaction on its own. Each visit to this store reminds Johnson of his disability and makes him feel extremely uncomfortable.

14. To the extent known by Johnson, the barriers at the Store included, but are not limited to, the following:

- No tow away sign at driveway;

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 5 of 14

- No path of travel from sidewalk to front door;

- Access aisles are not painted blue;

- The wording "No parking" is not stamped on the ground of the access aisle ;

- The parking itself is short;

- No compliant path of travel from parking to front door;

- The parking appears to be sloping;

- The access aisle appears to be sloping;

- There is an illegal ramp in the access aisle;

- Ramp in access aisle has steep drop sides (very dangerous);

- There is no van parking;

- Access aisle on wrong side of single parking;

- More than 25 parking slots thus only one parking provided;

- Door has less than 10" clear space at bottom;

- Door has no ADA sign

- Door threshold is very high;

- Cahier counter is very high;

- Certain items are beyond normal reach range;

- No directional signage inside store and no signs offering assistance;

- Steel shelves protrude to the interior access aisle

- Exit aisle is blocked by a steel gate.

These barriers prevented   Johnson from enjoying full and equal access at the Store.

15. Johnson was also deterred from visiting the Store because he knew that the Store's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons such as himself. He continues to be deterred from visiting the Store because of the future threats of injury created by these barriers.

16. Johnson also encountered barriers at the Store which violate state and federal law, but were unrelated to his disability. Nothing within this complaint, however, should be construed as an allegation that Johnson is seeking to remove barriers unrelated to his disability.

17. Defendants knew that these elements and areas of the Store were inaccessible, violate state and federal law, and interfere with or deny access to the physically disabled. Moreover, Defendants have the financial resources to remove these barriers from the Store without much difficulty or expense, and make the Store accessible to the physically disabled. To date, however, Defendants refuse to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

18. At all relevant times, Defendants have possessed and enjoyed sufficient control and authority to modify the Store to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. Defendants have not removed such impediments and have not modified the Store to conform to accessibility standards. Defendants have intentionally maintained the Store in its current condition and have intentionally refrained from altering the Store so that it complies with the accessibility standards.

19. Johnson further alleges that the continued presence of barriers at the Store is so obvious as to establish Defendants' discriminatory intent. On information and belief, Johnson

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 7 of 14

1   avers that evidence of the discriminatory intent includes Defendants' refusal to adhere to

2   relevant building standards; disregard for the building plans and permits issued for the Store

3   and its facilities; conscientious decision to the architectural layout as it currently exists at the

4

5   Store; decision not to remove barriers from the Store; and allowance that the Store continues to

6   exist in its non-compliant state.   Johnson further alleges, on information and belief, that

7   Defendants is not in the midst of a remodel, and that the barriers present at the Store are not

8   isolated or temporary interruptions in access due to maintenance or repairs.

9

10
### VI. FIRST CLAIM
11
### Americans with Disabilities Act of 1990
### (TITLE III USC §12101 *et seq.*)
12

13
### Denial of "Full and Equal" Enjoyment and Use

14      20.   Johnson repleads and incorporates by reference, as if fully set forth again herein,

15   the allegations contained in Paragraphs 1 through 19 of this Complaint, and incorporates them

16
herein as if separately repled.
17
        21.  Title III of the ADA holds as a "general rule" that no individual shall be
18

19   discriminated against on the basis of disability in the full and equal enjoyment or use of goods,

20   services, facilities, privileges, and accommodations offered by any person who owns, operates,

21   or leases a place of public accommodation. 42 U.S.C. § 12182(a).

22      22. Defendants discriminated against Johnson by denying "full and equal enjoyment"

23
and use of the goods, services, facilities, privileges or accommodations of the Store during
24

25   each visit and each incident of deterrence.

26

27
Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to
28   Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51,
52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans
with Disabilities Act of 1990
Page 8 of 14

**Failure to Remove Architectural Barriers in an Existing Facility**

23. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* § 12181(9).

24. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. *Id.* § 12182(b)(2)(A)(v).

25. Here, Johnson alleges that Defendants can easily remove the architectural barriers at the Store without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

26. In the alternative, if it was not "readily achievable" for Defendants to remove the Store's barriers, then Defendants violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

**Failure to Design and Construct an Accessible Facility**

27. On information and belief, the Store was designed or constructed or both after January 26, 1992 independently triggering access requirements under Title III of the ADA.

28. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 9 of 14

29. Here, Defendants violated the ADA by designing or constructing or both the Store in a manner that was not readily accessible to the physically disabled public, including Johnson, when it was structurally practical to do so.

**Failure to Make an Altered Facility Accessible**

30. On information and belief, the Store was modified after January 26, 1992, independently triggering access requirements under the ADA.

31. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. *Id.*

32. Here, Defendants altered the Store in a manner that violated the ADA and was not readily accessible to the physically disabled public, including Johnson, to the maximum extent feasible.

**Failure to Modify Existing Policies and Procedures**

33. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

34. Here, Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Store, when these modifications were necessary to

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 10 of 14

afford and would not fundamentally alter the nature of these goods, services, facilities, or accommodations.

35. Johnson seeks all relief available under the ADA *i.e.*, injunctive relief, attorney fees, costs, legal expense for these aforementioned violations. 42 U.S.C. § 12205.

36. Johnson also seeks a finding from this Court *i.e.*, declaratory relief that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII. SECOND CLAIM
### Disabled Persons Act
### (California Civil Code § 54 *et seq.*)

37. Johnson repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 19 of this Complaint, and incorporates them herein as if separately repled.

38. The Store is a place of public accommodation and/or places to which the general public is invited and, as such, they are obligated to comply with the provisions of the California Disabled Persons Act ("CDPA"), California Civil Code § 54 *et seq.*

39. The CDPA guarantees, inter alia, that persons with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

40. The CDPA also guarantees, inter alia, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a)(1).

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 11 of 14

41. The CDPA also provides that a violation of the ADA is *a per se* violation of CDPA, California Civil Code § 54.1(d).

42. Defendants have violated the CDPA by, inter alia, denying and/or interfering with Plaintiff right to full and equal access as other members of the general public to the accommodations, advantages, and its related facilities due to his disability.

43. Pursuant to the remedies, procedures, and rights set forth in California Civil Code §§ 54.3 and 55, Plaintiff prays for judgment as set forth below.

## VIII. THIRD CLAIM
### Unruh Civil Rights Act
### (California Civil Code §51 *et seq.*)

44.    Johnson repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 17 of this Complaint, and incorporates them herein as if separately repled.

45.    The Store is a business establishment and, as such, must comply with the provisions of the Unruh Act, California Civil Code § 51 *et seq.*

46.    The Unruh Act guarantees, *inter alia,* that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. California Civil Code § 51(b).

47.    The Unruh Act also provides that a violation of the ADA, or of California state accessibility regulations, is a violation of the Unruh Act. California Civil Code § 51(f).

48.    Defendants have violated the Unruh Act by, *inter alia,* denying, or aiding or

---

inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at the Store.

49.     Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiffs rights to equal access arising from the provisions of the California state accessibility regulations and the ADA.

50.     Pursuant to the remedies, procedures, and rights set forth in California Civil Code § 52, Plaintiff prays for judgment as set forth below.

## IX. FOURTH CLAIM
### (California Health & Safety Code §§ 19955 *et seq.*)
### Denial of Full and Equal Access to Public Facilities

51.     Johnson repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 19 of this Complaint, and incorporates them herein as if separately repled.

52.     Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities built with private funds shall adhere to the provisions of Government Code § 4450.

53.     Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

54.     Johnson alleges the Store is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 or both, and that the Store was not exempt under Health and Safety Code § 19956.

1    55.    Defendants' non-compliance with these requirements at the Store aggrieved or

2    potentially aggrieved Johnson and other persons with physical disabilities. Accordingly, he

3    seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

4

5                                    **X. PRAYER FOR RELIEF**

6    WHEREFORE, Johnson prays judgment against Defendants for:

7    1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

8
9    2. Declaratory relief that Defendants violated the ADA for the purposes of Unruh Act or

10   Disabled Persons Act damages.

11   3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California

12   Civil Code (but not both) according to proof.

13   4. Attorneys' fees, litigation expenses, and costs of suit.

14
15   5. Interest at the legal rate from the date of the filing of this action.

16
17   Dated: *October 30, 2013*                _____

18                                            Irene Karbelashvili, Attorney for Plaintiff
                                             RICHARD C. JOHNSON
19

20

21                                    ***DEMAND FOR JURY***

22   Plaintiff hereby demands a jury for all claims for which a jury is permitted.

23

24   Dated: *October 30, 2013*                _____

25                                            Irene Karbelashvili, Attorney for Plaintiff
                                             RICHARD C. JOHNSON
26

27
28   Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to
     Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51,
     52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans
     with Disabilities Act of 1990
     Page 14 of 14